## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

)
**WILLIAM RICHARD ROGOPOULOS,** )
)
**Petitioner,** )
)           **Civil Action No.**
**v.** )           **21-10872-FDS**
)
**DANA RATLIFF-WALKER, WARDEN,** )
)
**Respondent.** )
_____)

## MEMORANDUM AND ORDER

**SAYLOR, C.J.**

This is a petition for a writ of habeas corpus submitted by petitioner William Richard Rogopoulos.  For the reasons set forth below, the petition will be denied.

**I.      Background**

William Richard Rogopoulos, who is proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner is in the custody of the Virginia Department of Corrections and is incarcerated at Dillwyn Correctional Center as a result of a conviction in Appomattox Circuit Court in Virginia.

Petitioner alleges that a detainer has been lodged against him in Middlesex County, Massachusetts.  He complains that "he was never informed of his constitutionally protected right to due process dating back to 6-9-08 to [invoke the Interstate Agreement on Detainers Act ("IADA") for a final disposition]."  (Petition, 1-1 at p. 1).  He further complains that "the charging state [failed] to notify [petitioner] between 2008 and 2014 as well as refus[ed] to respond after petitioner attempt[ed to invoke] the IADA.  Id.  Accompanying the petition are copies of several grievances and administrative complaints filed with the Virginia Department of Corrections.

II.   **Preliminary Screening**

The petition has not been served pending the court's preliminary review of the document. *See* 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent); *see also* Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 (providing that, if it "plainly appears from the face of the [habeas] petition . . . that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition").[1]

III.   **Discussion**

There is no basis for this court to exercise habeas jurisdiction.  District courts are authorized to grant writs of habeas corpus "within their respective jurisdictions," 28 U.S.C. § 2241(a), and such writs "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243.

It is a well-established, simple rule that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement,"  *Rumsfeld v. Padilla*, 542 U.S. 426, 443, 447 (2004) ("the general rule [is] that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement"). Because petitioner is confined in Virginia, this court does not have jurisdiction over this case.

---

[1] Rule 4 may be applied at the discretion of the district court to other habeas petitions. *See* Rule 1(b) of the Rules Governing Habeas Corpus Cases under Section 2254.

**IV.**    **Order**

For the foregoing reasons,

1.      The petition for writ of habeas corpus is DENIED.

2.      This action is DISMISSED.  The clerk shall enter a separate order of dismissal.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

Dated:  July 20, 2021

3